# IN THE SUPREME COURT OF IOWA

No. 83 / 05-0711

Filed August 18, 2006

**MATTHEW JOHN STAMMEYER,**

   Appellant,

vs.

**DIVISION OF NARCOTICS
ENFORCEMENT OF THE IOWA
DEPARTMENT OF PUBLIC SAFETY,**

   Appellee.

_____

   On review from the Iowa Court of Appeals.


   Appeal from the Iowa District Court for Polk County, Michael D. Huppert, Judge.


   Employee appeals from order dismissing his veterans' preference claim for lack of subject matter jurisdiction. **DECISION OF COURT OF APPEALS VACATED; DISTRICT COURT JUDGMENT AFFIRMED.**


   John F. Fatino of Whitfield & Eddy, P.L.C., Des Moines, for appellant.


   Thomas J. Miller, Attorney General, and Jeffrey C. Peterzalek, Assistant Attorney General, for appellee.

**STREIT, Justice.**

Since the Civil War, Iowa has recognized the enormous contributions made to our lives by veterans of our armed forces by giving preference to veterans seeking employment with the state, as well as employment with the cities, counties, and school corporations within the state. *See generally Kitterman v. Bd. of Supervisors*, 137 Iowa 275, 115 N.W. 13 (1908). The plaintiff-appellant, Matthew Stammeyer, appeals from the district court's dismissal of his veterans' preference claim. The district court dismissed Stammeyer's claim after it concluded it did not have jurisdiction over the dispute. Because we conclude the proper avenue for his complaint was the grievance procedure set forth by the collective bargaining agreement, we vacate the decision of the court of appeals and affirm the district court's order granting the State's motion to dismiss.

## I. Facts and Prior Proceedings

Stammeyer served with the Iowa Army National Guard from 1981 through 2002 and qualifies as a "veteran" for the purposes of Iowa Code chapter 35C. *See* Iowa Code § 35.1(2)(*b*)(2) (2003). Stammeyer has been employed by the Iowa Department of Public Safety, Iowa State Patrol Division, as a trooper since August of 1985. Stammeyer is also a member of a collective bargaining unit subject to a collective bargaining agreement between the State Police Officer Council and the Iowa Department of Public Safety.

In accordance with the provisions of the collective bargaining agreement, Stammeyer requested a transfer to the Division of Narcotics Enforcement (hereinafter "DNE"). Stammeyer interviewed for two positions with DNE but on December 17, 2004, was notified he was not selected to fill either position.

On December 19, 2004, Stammeyer sent a letter to DNE requesting: (1) the specific reasons he was not selected for either DNE position; (2) that any such reasons be filed for public review; and (3) that this information be sent to him within ten days of the successful applicant's selection.

DNE did not respond to this request, so Stammeyer filed a petition in district court appealing DNE's decision and applying for a writ of mandamus. *See id.* § 35C.4 (stating a refusal to allow a veterans' preference entitles the veteran-applicant to maintain an action of mandamus to right the wrong). Stammeyer alleged he was entitled to preference in employment as a veteran and asked the district court to set aside the appointment and to require DNE to allow him the veterans' preference. In his application for writ of mandamus, he alleged Iowa Code chapter 35C imposed a duty on DNE, DNE breached this duty, and a writ should lie to "right the wrong."

The State filed a motion to dismiss alleging the district court lacked subject matter jurisdiction to hear the case because the collective bargaining agreement and chapter 20 of the Iowa Code govern Stammeyer's transfer and provide the exclusive grievance procedure for resolving disputes. It also alleged the veterans' preference applies only to "appointment or employment," not inter-divisional transfers. *See id.* §§ 35C.1, .3.

The district court concluded the grievance procedures set forth in the collective bargaining agreement controlled the dispute and deprived the court of jurisdiction. *See id.* § 20.18 (stating public employees shall follow the grievance procedures provided in a collective bargaining agreement).

Stammeyer appealed this dismissal, claiming he was improperly denied the opportunity to raise his veterans' preference claim in district court. He further contended his veterans' preference rights were violated when DNE filled one of the positions with a person who was not a current state employee. The State Police Officers Council filed an amicus curiae brief arguing the district court erred in dismissing Stammeyer's case because the ruling effectively deprived him of the veterans' preference rights conveyed to him by chapter 35C and deprived him of any meaningful challenge to the actions which disregarded his veterans' preference rights.

The court of appeals held chapter 20 of the Iowa Code did not preclude Stammeyer from availing himself of the specific remedies set forth in chapter 35C. The court of appeals reversed the district court's ruling and remanded the case for further proceedings. We granted further review.

## II. Standard of Review

"The [district] court has inherent power to determine whether it has jurisdiction over the subject matter of the proceedings before it." *Tigges v. City of Ames,* 356 N.W.2d 503, 512 (Iowa 1984). Our scope of review of rulings on subject matter jurisdiction is for correction of errors at law. *Id.*

## III. Merits

The question presented in this case is whether a public employee subject to a collective bargaining agreement can bypass mandatory grievance procedures and seek relief directly from the district court under the Iowa Veterans' Preference Law. The district court answered this question in the negative, and Stammeyer made two general arguments on appeal: (1) the grievance procedure set forth in the

collective bargaining agreement is not the exclusive remedy for veterans' preference claims; (2) because one of the positions was filled by a person who was not a state employee, he should be treated as a new applicant and not be bound by the collective bargaining agreement. We will address each argument in turn.

## A. Exclusive Remedy

Chapter 35C provides veterans are entitled "to preference in appointment and employment over other applicants of no greater qualifications." Iowa Code § 35C.1(1). A refusal to allow the preference entitles the applicant to maintain an action of mandamus to right the wrong. *Id.* § 35C.4. If, after receiving evidence, the court finds the veteran/applicant was qualified to hold the position for which he or she has applied, the court can direct further action by the appointing body. *Id.* § 35C.5.

While chapter 35C does not specifically address employee transfers, the collective bargaining agreement which governs Stammeyer's employment with the Iowa Department of Safety has explicit provisions that govern the employee transfer process. When making the decision as to which potential transferee should be hired, the agreement provides the employer "will take into consideration ability, job requirements, operational efficiency and seniority." The employer is not required to take into consideration the applicant's status as a veteran.

The agreement also sets forth a specific grievance procedure for complaints "involving an alleged violation of a specific provision of the [collective bargaining] Agreement, or the interpretation or application of a term of this Agreement." The agreement states the grievance procedure shall be "exclusive" and "shall replace any other grievance procedure for adjustment of any disputes arising from the application and

interpretation of this Agreement." *See also id.* § 20.18 (stating public employees shall follow the grievance procedures provided in a collective bargaining agreement).

Stammeyer contends public employees who are subject to collective bargaining agreements are *also* allowed to pursue remedies under chapter 35C because veterans' preferences are not a mandatory subject of collective bargaining and chapter 35C overrides any inconsistent provisions in a collective bargaining agreement. This argument involves the intersection of two different chapters of the Iowa Code—veterans' preference rights under chapter 35C and public employment relations (collective bargaining) under chapter 20.

Iowa Code chapter 20, the Public Employment Relations Act, is designed "to promote harmonious and co-operative relationships between government and its employees by permitting public employees to organize and bargain collectively." *Id.* § 20.1. Section 20.9 provides the public employer and the employee organization shall meet to negotiate with respect to

> wages, hours, vacations, insurance, holidays, leaves of absence, shift differentials, overtime compensation, supplemental pay, seniority, *transfer procedures*, job classifications, health and safety matters, evaluation procedures, procedures for staff reduction, in-service training and other matters mutually agreed upon.

(Emphasis added.) The product of these negotiations is the collective bargaining agreement.

Chapter 20 places one important limitation on the scope of collective bargaining agreements. It ensures that Iowa statutes supersede terms in a collective bargaining agreement that are inconsistent with Iowa law. Section 20.28 provides:

> A provision of the Code which is inconsistent with any term or condition of a collective bargaining agreement which is made final under this chapter shall *supersede the term or condition of the collective bargaining agreement unless otherwise provided by the general assembly.*

(Emphasis added.) Stammeyer argues the phrase in section 35C.1 which states "preference in appointment and employment over other applicants of no greater qualifications" gives veterans' preference rights to current state employees seeking a transfer. He argues the transfer provisions in the collective bargaining agreement which do not give such a preference are therefore inconsistent with the Iowa Code. Because of this alleged inconsistency, Stammeyer contends he is not subject to the mandatory grievance procedures set forth in the collective bargaining agreement. In order for this court to conclude Stammeyer was not subject to the mandatory grievance procedures set forth in the collective bargaining agreement, we must first find there is an inconsistency between the collective bargaining agreement and section 35C.1.

On its face, section 35C.1 does not expressly indicate veterans deserve a preference when interviewing for a job transfer. Stammeyer does not argue that "appointment" means more than an initial hiring decision. Instead, he argues the legislature intended for the term "employment" to be interpreted broadly so that it encompasses other employment decisions made after the initial hire.

We do not interpret this term so broadly. Chapter 35C grants veterans a preference at the time of the initial hire and, as discussed below, at the time of removal. There is nothing to suggest veterans are to be given ongoing preferences during their term of employment.

Beyond the preference in "appointment and employment," the legislature granted veterans a preference for veterans facing removal from

their employment. This removal statute shines light on the legislature's choice of meaning for the word "employment." Section 35C.6 states:

> No person *holding a public position by appointment or employment,* and belonging to any of the classes of persons to whom a preference is herein granted, shall be removed from such position or employment except for incompetency or misconduct shown after a hearing, upon due notice, upon stated charges, and with the right of such employee or appointee to a review by a writ of certiorari or at such person's election, to judicial review in accordance with the terms of the Iowa administrative procedure Act, chapter 17A, if that is otherwise applicable to their case.

Use of the phrase "holding a public position by appointment or employment" implies a narrow interpretation of the term "employment." The term "holding" refers to the status of the employee. The phrase "by appointment or employment" describes how the veteran got the position to begin with. One can either be appointed to the position, or employed in the position through the regular hiring process. The confluence of these terms in the phrase "holding a public position by appointment or employment" indicates the legislature intended the term "employment" to be used as an alternative description of how the veteran got the position; not as a broad term encompassing all employment decisions made after the initial hire.

The legislative history surrounding section 35C.1 also implies the term "employment" does not refer to subsequent employment decisions. Prior to 1985, the veterans' preference statute expressly stated veterans were "entitled to preference in appointment, employment, *and promotion* over other applicants of no greater qualifications." *See* Iowa Code § 70.1 (1985) (now codified in Iowa Code § 35C.1). However, in 1985, the Iowa legislature removed the preference for promotions. 1985 Iowa Acts ch.

50, § 1. By removing the phrase "and promotions," the legislature restricted the veterans' preference to the initial hiring decision and, as noted in section 35C.6, to the employment discharge decision. In total, we simply cannot interpret the phrase "appointment and employment" so broadly that it encompasses other decisions made during employment.

An analysis of case law from other jurisdictions supports this conclusion. In *Pinther v. Wyoming*, 866 P.2d 1300 (Wyo. 1994), the Wyoming Supreme Court faced a similar challenge to a veterans' preference statute that was very similar to the Iowa veterans' preference statute. A state employee, who was a veteran, argued the Wyoming veterans' preference statute, which stated veterans and their widows "shall be preferred for appointment or employment," meant he was entitled to the preference when he applied for a job transfer. *Pinther*, 866 P.2d at 1303 (citing Wyo. Stat. Ann. § 19-6-102(*a*) (1977)). The Wyoming Supreme Court disagreed. *Id.* at 1304. The court noted the Wyoming legislature intended for the veterans' preference statute to give qualified veterans the benefit of a competitive advantage in the state hiring process. *Id.* The court found this benefit was fully satisfied when the legislature gave the preference only to those veterans who were initially seeking state employment. *Id.* As a result, the court concluded the preference in "appointment or employment" did "not extend to a qualified veteran who [was] a state employee seeking a transfer to another state agency." *Id.* at 1303-04.

Several federal courts have also concluded veterans' preference rights do not extend to current government employees seeking a transfer to a different position. In *Brown v. Department of Veteran's Affairs*, 247 F.3d 1222, 1224 (Fed. Cir. 2001), the Court of Appeals for the Federal Circuit analyzed the Veterans' Preference Act (VPA) as codified in 38

U.S.C. § 4214 (1994). Even though the purpose of section 4214 was "to promote the maximum of employment and job advancement opportunities within the Federal Government for . . . veterans," the court of appeals noted that "veterans are not accorded limitless rights and benefits" and concluded veterans were not accorded any preference under the VPA when seeking promotion or intra-agency transfers. *Brown*, 247 F.3d at 1224 (quoting 38 U.S.C. § 4214(*a*)(1)).

Also, in a suit brought by city mail carriers who desired positions as rural mail carriers at the same salary, the Court of Appeals for the Eleventh Circuit analyzed the VPA and stated "veterans' preference only applies to initial employment, not to movement of an incumbent employee from one job to another within an agency" and "[t]he scope of veterans' preference cannot be enlarged by the fiction of treating within-agency movement as initial employment." *Glenn v. U.S. Postal Serv.*, 939 F.2d 1516, 1521-23 (11th Cir. 1991). And finally, in *Pulley v. Tennessee Valley Authority*, 368 F. Supp. 90, 93 (M.D. Tenn. 1973), a Tennessee district court recognized the VPA provided a preference both in appointment and retention in federal positions, but found "promotion and non-promotion, transfer and non-transfer of employees within a department of government [was] a matter of supervisory discretion and not ordinarily subject to judicial review."

In short, when divining whether the phrase "preference in employment and appointment" should be interpreted broadly to encompass intra-agency transfers, we find no authority indicating the legislature, after removing the term "and promotion" from the veterans'

preference statute in 1985, intended veterans be given preferences in intra-agency transfer requests.[1]

Because we do not find the present veterans' preference applicable to intra-agency transfers, we conclude there is no inconsistency between the transfer provisions in the collective bargaining agreement and chapter 35C. Without this inconsistency, there is no right of action that trumps the mandatory grievance procedures set forth in the collective bargaining agreement.

Even if there is no inconsistency, Stammeyer contends our decision in *O'Malley v. Gundermann*, 618 N.W.2d 286 (Iowa 2000), establishes two separate avenues of relief for a veteran subject to a collective bargaining agreement—the grievance procedures under the collective bargaining agreement and a petition with the district court under chapter 35C. Stammeyer argues *O'Malley* stands for the principle that claims under chapter 35C are distinct from avenues of redress for violations of the collective bargaining agreement.—

We disagree. Stammeyer's argument stretches beyond the issues ruled upon in *O'Malley*. O'Malley was a veteran whose employment at the Iowa Veterans' Home was terminated after he sold a knife to one of the Home's residents. *O'Malley*, 618 N.W.2d at 288. O'Malley challenged his dismissal through the grievance procedures set forth in the

---

[1]In *Geyer v. Triplett*, 237 Iowa 664, 669, 22 N.W.2d 329, 332 (1946), we stated that the soldiers' preference statute should be given a "liberal construction"; however, we also noted that "such act should be so construed, when within reason possible, so that its evident purpose be accomplished." *See also Krohn v. Judicial Magistrate Appointing Comm'n*, 239 N.W.2d 562, 564 (Iowa 1976) ("Although the provisions of the soldiers preference law are to be liberally construed they should yield to the power to select members of the judiciary. . . . To hold the soldiers preference law applicable to appointment for the office [of judicial magistrate] would inappropriately limit and restrict the options of the commission . . . ."). As noted above, the evident purpose of chapter 35C was to reward veterans by giving them a preference in initial hiring decisions.

applicable collective bargaining agreement. *Id.* at 289. This process took several months. Once an arbitrator concluded O'Malley was discharged for proper cause, O'Malley filed a petition in district court seeking a writ of certiorari. *Id.* In this petition he alleged the action of the arbitrator, in determining he had been discharged for just cause, was in violation of his rights as a veteran under Iowa Code section 35C.6 (employment removal procedures). *Id.* The district court concluded, however, that the act O'Malley claimed was illegal was not the arbitrator's decision but his employer's termination decision. *Id.* The court ruled it lacked subject matter jurisdiction to consider the petition because it had not been filed within thirty days of O'Malley's termination. *Id.* at 290.

We affirmed the district court's decision. The discharge decision was final at the time it was made, and the delay in processing the challenge through the arbitration required by the collective bargaining agreement rendered the petition for writ of certiorari untimely. *Id.* at 291-92 (citing Iowa Rule of Civil Procedure 319 (now rule 1.1402(3)) which states a petition for writ of certiorari "must be filed within thirty days from the time the tribunal, board, or officer exceeded its jurisdiction or otherwise acted illegally"). Because the petition for a writ of certiorari was not filed in a timely manner, we concluded the court did not have jurisdiction to hear the claim. *Id.*

The issue in *O'Malley* was the determination of the time frame for filing a chapter 35C certiorari action for O'Malley's allegedly improper removal. *Id.* ("the issue here is whether O'Malley filed his petition in a timely manner"). We were not presented with the separate and distinct question as to whether he was required to first exhaust the grievance procedures set forth in the collective bargaining agreement before he

could file his chapter 35C improper removal petition. In addition, *O'Malley* is distinguished from the present case because it concerned veterans' rights surrounding removal from employment, not veterans' preference rights in hiring decisions.

### B. Transfer or Employment

Because a person outside the Department of Public Safety was hired for one of the positions for which he had applied, Stammeyer argues he should have been treated as a new applicant competing with other applicants for a vacant position. Under this theory, he would thereby receive the veterans' preference and retain his right to petition the district court directly without any reference to the collective bargaining agreement. Stated another way, Stammeyer argues his request for an inter-divisional transfer to DNE should be treated the same as a request from a new, non-transferring applicant; otherwise, there would be an unfair distinction between a current "veteran" employee and a new hire and he would lose the preference granted in section 35C.1.

The State contends this argument was not preserved for appellate review because the district court did not rule on the issue and Stammeyer did not file a motion asking the court to enlarge its findings to rule upon the issue. The State's argument is based on the fundamental doctrine of appellate review that issues must ordinarily be both raised *and decided* by the district court before we will decide them on appeal. *Wilson v. Liberty Mut. Group*, 666 N.W.2d 163, 167 (Iowa 2003). "When a district court fails to rule on an issue properly raised by a party, the party who raised the issue must file a motion requesting a ruling in order to preserve error for appeal." *Meier v. Senecaut*, 641 N.W.2d 532, 537 (Iowa 2002). If the court does not rule on an issue and

neither party files a motion requesting the district court to do so, there is nothing before us to review. *Wilson,* 666 N.W.2d at 167. Such is the case at hand.

> At the conclusion of its ruling, the district court stated:

> For the reasons set out above, the former statute controls over the latter, and this court does not have jurisdiction over the present dispute. As such, there is no reason to reach the appellee's [the State's] second argument regarding the applicability of chapter 35C to intra-agency transfers.

There is nothing indicating the court ruled upon or even considered Stammeyer's "new hire/transfer" argument. Despite the missing ruling, Stammeyer contends he did not need to file a further motion because "it strains credulity to suggest that a further ruling from the district court would be necessary to preserve error on this point." Stammeyer claims "the district court was presented with the argument, but in light of its ruling on the issue, it could not reach the latter argument."

We disagree. If there are alternative claims or defenses, and the district court does not rule on all alternative claims or defenses, the losing party must file a posttrial motion to preserve error on the claims or defenses not ruled on. *See, e.g., Sandbulte v. Farm Bureau Mut. Ins. Co.,* 343 N.W.2d 457, 466 (Iowa 1984) ("We do not pass on alternative arguments and matters set forth in defendants' motions for summary judgment that were not specifically addressed by the trial court's ruling."). This new hire/transfer argument is distinct from the court's ruling which considers whether the collective bargaining agreement controls the grievance procedure. This can best be described as an "even-if" argument—even if the court finds Stammeyer should have followed the grievance procedures set forth in the collective bargaining agreement because he was a current employee competing with other

current employees for a job transfer, he could still pursue a chapter 35C claim in district court because he was (for at least one of the positions) competing against an applicant who was not a current employee. For whatever reason, the district court did not address Stammeyer's even-if argument, and Stammeyer did not file a motion requesting that the court do so. Without such a ruling or motion requesting a ruling, there is nothing for us to review on this issue. *See id.*

### IV. Conclusion

Chapter 35C does not grant a veterans' preference for intra-agency transfers. Therefore, Stammeyer was required to pursue his claim via the grievance procedure set forth in the collective bargaining agreement. We vacate the decision of the court of appeals and affirm the district court's order granting the State's motion to dismiss.

**DECISION OF COURT OF APPEALS VACATED; DISTRICT COURT JUDGMENT AFFIRMED.**