# IN THE COURT OF APPEALS OF IOWA

No. 14-0473
Filed January 28, 2015


**SUSAN MILLER,**
 Plaintiff-Appellant,

**vs.**

**GRUNDY BOARD OF SUPERVISORS, GRUNDY CENTER, IOWA,**
 Defendant-Appellee.
_____


 Appeal from the Iowa District Court for Grundy County, David F. Staudt, Judge.


 Plaintiff appeals the district court's dismissal of her petition for writ of certiorari. **AFFIRMED.**



 Ethan D. Epley of Stumme & Epley Law Office, P.L.L.C., Denver, for appellant.

 Kirby D. Schmidt, Grundy County Attorney, Grundy Center, for appellee.


 Considered by Vogel, P.J., and Vaitheswaran and Potterfield, JJ.

**VAITHESWARAN, J.**

Susan Miller petitioned for a writ of certiorari to challenge a rezoning decision of the Grundy County Board of Supervisors filed in 2010. The petition also raised challenges to board actions in 2013. Following a hearing, the district court granted Grundy County's motion to dismiss the 2010 allegations as untimely. Miller appealed.

Iowa Rule of Civil Procedure 1.1402(3) states a petition for writ of certiorari must be "filed within 30 days from the time the tribunal, board or officer exceeded its jurisdiction or otherwise acted illegally." Miller's allegations concerning the 2010 actions of the Board were untimely and the district court lacked subject matter jurisdiction to consider them. *See O'Malley v. Gundermann*, 618 N.W.2d 286, 291 (Iowa 2000).

Anticipating this result, Miller argues (1) there was "a continuing violation" that tolled the period for filing the petition and (2) public policy favors applying a discovery rule which would allow the filing to be made "within 30 days of the date she discovered what she believed to be actual evidence of the board's illegal action." Here, the alleged illegality took place (and was known by Miller) at the time of the rezoning decision in 2010. Miller has cited no Iowa authority recognizing either doctrine in this context. Accordingly, we affirm the district court's dismissal of the 2010 allegations.

**AFFIRMED.**