# IN THE COURT OF APPEALS OF IOWA

No. 15-0961
Filed December 21, 2016

**HEATHER HILDRETH,**
        Plaintiff-Appellant,

**vs.**

**CITY OF DES MOINES, IOWA,**
        Defendant-Appellee.
_____

        Appeal from the Iowa District Court for Polk County, Dennis J. Stovall,
Judge.


        The plaintiff filed a writ of certiorari with the district court, claiming the city
had acted illegally and unconstitutionally by declaring her dog to be vicious and
dangerous.   The district court annulled the writ, and the plaintiff appealed.
**AFFIRMED.**



        Jaysen C. McCleary, Des Moines, for appellant.

        Jessica Dawn Spoden, Assistant City Attorney, Des Moines, for appellee.


        Considered by Potterfield, P.J., and Doyle and Tabor, JJ.

**PER CURIAM.**

This action originated after Heather Hildreth's dog was determined to be a "dangerous dog" by the City of Des Moines and impounded by the Animal Rescue League. Hildreth filed a writ of certiorari claiming the city had acted illegally and unconstitutionally by declaring the dog dangerous and vicious. On February 20, 2015, the district court rejected Hildreth's claims, annulling the writ and rescinding the previous stay of the order to euthanize. In this appeal, Hildreth challenges the merits of the certiorari proceedings.[1]

**I. Standard of Review.**

Rules applicable to appeals in ordinary actions govern our review of an appeal from a district court's judgment in a certiorari proceeding. Iowa R. Civ. P. 1.1412; *see O'Malley v. Gundermann*, 618 N.W.2d 286, 290 (Iowa 2000). "Our review is limited to correction of errors at law, and we are bound by the findings of the district court if supported by substantial evidence." *O'Malley*, 618 N.W.2d at 290.

**II. Error Preservation.**

On appeal, Hildreth raises numerous issues that were not decided by the district court in its ruling on the petition for writ of certiorari, namely, whether the three-day window to appeal the determination a dog is vicious is unduly burdensome; whether the taking of Hildreth's dog was a seizure of property in violation of the Fourth Amendment; whether an administrative hearing between a

---

[1] In another appeal, Hildreth challenged the dismissal of an action involving her "Application for Immediate Return of Seized Property"—namely, the dog. The court's opinion in that appeal is also filed today. *See Hildreth v. Des Moines*, No. 15-0509, 2016 WL _____ (Iowa Ct. App. Dec. 21, 2016).

citizen and the city, heard by a city employee, involves a conflict of interest violating the citizen's right to due process; whether Hildreth had a Sixth Amendment right to counsel because a violation of the citations could result in thirty days' incarceration; whether the city ordinance defining "dangerous animals" is constitutionally defective because it fails to take into account if the animal was provoked when it acted in the prohibited manner; whether the city ordinance defining "dangerous animals" is unconstitutional due to being vague or overbroad; whether the city's euthanizing of the dog was done without a statutory provision; whether breed-specific ordinances are unconstitutional; whether interfering in the relationship between a pet owner and the pet is cruel and unusual, violating article 1, section 17 of the Iowa Constitution; whether discovery should be allowed prior to a city hearing; and whether sanctions were appropriate in this case for various named individuals.[2]

Insofar as we can tell, none of the aforementioned claims are properly before this court for our review. *See Lamasters v. State*, 821 N.W.2d 856, 862 (Iowa 2012) ("It is a fundamental doctrine of appellate review that issues must ordinarily be both raised and decided by the district court before we will decide them on appeal." (citation omitted)). Moreover, Hildreth failed to include a proper statement[3] in her brief explaining how any of these arguments were preserved,

---

[2] Hildreth raises additional arguments in her reply brief. "Parties cannot assert an issue for the first time in a reply brief. When they do, this court will not consider the issue." *Sun Valley Iowa Lake Ass'n v. Anderson*, 551 N.W.2d 621, 642 (Iowa 1996) (citation omitted).

[3] In her brief, Hildreth provides one general statement of error preservation, claiming, "Hildreth preserved error in her motion on March 9, 2015." This motion was a motion to enlarge or amend, which the district court denied. Similarly, in her reply brief, Hildreth states, "The preservation of error will not be repeated before each issue but is incorporated by reference herein. Hildreth preserved every one of her errors in multiple

which violates Iowa Rule of Appellate Procedure 6.903(2)(g)(1). Rule 6.903(2)(g)(1) provides:

> The argument section shall be structured so that each issue raised on appeal is addressed in a separately numbered division. Each division shall include . . . : A statement addressing how the issue was preserved for appellate review, with references to the places in the record where the issue was raised and decided.

We decline to consider these claims.

## II. Objection to the Writ of Certiorari Hearing.

Hildreth maintains her due process rights were violated when the hearing on the writ of certiorari took place on January 23, 2015. In reviewing the transcript from the hearing, Hildreth's counsel objected to the timing of the hearing but not on the ground that it violated Hildreth's constitutional rights. *See Lamasters*, 821 N.W.2d at 862.

From our review of the record, on January 12, 2015, the court set the hearing on the writ of certiorari for January 23, 2015, at 9:00 a.m. Hildreth then filed a motion to reschedule that hearing to an *earlier* date, noting that she was scheduled to be in another hearing with a different judge on January 23 at 9:00 a.m. The motion also stated she "requests a hearing at the earliest possible date given that her dog has been in isolation for over 90 days." The same day, Hildreth filed another motion asking that the hearing "be rescheduled because the plaintiff has filed a motion for summary judgment that may do away with the need for a hearing on the writ." On January 14, the court filed an order stating,

---

1.904(2) motions of which all are not included in the appendix but they were filed on Dec. 15, 2014, Jan. 21, 2015, Mar. 7 and 9, 2015." Raising an issue before the district court is not sufficient to preserve it for review. *See Lamasters*, 821 N.W.2d at 862.

"The hearing previously set for January 23, 2015, beginning at 9:00 a.m. is continued to begin that same day but beginning at 10:30 a.m."

Any surprise or lack of preparedness is not the result of the court's order but rather is attributable to Hildreth. If we assume that Hildreth's objection[4] to the court's statement the hearing would take place as scheduled was a motion to continue, we find no abuse of discretion in the court's denial of it. *See In re C.W.*, 554 N.W.2d 279, 281 (Iowa Ct. App. 1996) ("Denial of a motion to continue must be unreasonable under the circumstances before we will reverse.").

## III. Challenge to the Court's Ruling on the Writ of Certiorari.

Hildreth challenges the district court's annulling of the writ. She maintains the district court's interpretation of the city's so-called "dangerous dog" ordinance is in error.

In pertinent part, Des Moines, Iowa, art. VI § 18-196 (2000) provides:

> Dangerous animal means any animal, including a dog, . . . that has bitten or clawed a person while running at large and the attack was unprovoked, or any animal that has exhibited vicious propensities in present or past conduct, including such that the animal:
> 1. Has bitten or clawed a person on two separate occasions within a 12-month period.

Hildreth maintains the ordinance provides that a dog has exhibited "vicious propensities" only if the dog "has bitten or clawed a person on two separate occasions within a 12-month period" when unprovoked. Both the administrative hearing officer and the district court interpreted the ordinance as providing alternative ways that a dog can exhibit vicious propensities; either by attacking

---

[4] At the time the court announced the hearing was to take place, Hildreth's attorney objected, stating, "And just for the record, I want to object because of surprise and wasn't ready." Hildreth did not move for a continuance.

someone while running at large when the attack was unprovoked *or* by biting or clawing a person on two separate occasions—whether provoked or unprovoked. We agree. The term "unprovoked" appears in a different clause of the ordinance, which is separated from the applicable clause by the word "or." As such, we think there is a clear intent for it to apply to only the first scenario. *See Meduna v. City of Crescent*, 761 N.W.2d 77, 81 (Iowa 2008) ("[W]ords in ordinances are given their ordinary and common meanings by considering the context within which they are used."); *see also Or*, *Webster's New College Dictionary* (1981) ("[U]sed as a function word to indicate an alternative.").

Hildreth does not dispute that substantial evidence supports the conclusion that her dog bit two children within a twelve-month period. She maintains her dog was justified in its actions due to being provoked by the children, but as the district court noted, the "non-provocation argument is immaterial."

We find no error in the interpretation and application of the city ordinance.

## IV. Conclusion.

After careful review of the record and of the appellant's briefs, we find no other claims that are properly before us to review. We affirm the district court's ruling on the writ of certiorari.

**AFFIRMED.**