# IN THE COURT OF APPEALS OF IOWA

No. 19-0520
Filed June 3, 2020

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**MONROE COUNTY DISTRICT COURT (MAGISTRATE DIVISION),**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Monroe County, Gregory Milani,

Judge.


Steven Dees appeals the entry of a writ of certiorari in favor of the State

setting aside an order granting Dees's motion for return of seized property.

**AFFIRMED.**


Matt O'Hollearn of Brick Gentry, P.C., West Des Moines, for appellant

Steven Dees.

Thomas J. Miller, Attorney General, and Eric M. Dirth, Jacob J. Larson, and

David S. Steward, Assistant Attorneys General, for appellee.


Considered by Vaitheswaran, P.J., and Doyle and May, JJ.

**DOYLE, Judge.**

Steven Dees appeals the entry of a writ of certiorari in favor of the State on its claim a magistrate judge acted illegally in granting Dees's motion for return of seized property. The property at issue is the cape[1] and antlers from a deer that Dees shot and killed in December 2017.[2] An officer of the Iowa Department of Natural Resources (DNR) seized the property after citing Dees for unlawful taking of an antlered deer and failure to tag a deer within fifteen minutes of discovering the carcass, in violation of Iowa Code section 481A.38 (2017) and Iowa Administrative Code rule 571-94. Section 481A.38 provides, "It is unlawful for a person to take, pursue, kill . . . possess . . . any game . . . , except upon the terms, conditions, limitations, and restrictions set forth herein, and administrative rules necessary to carry out the purposes . . . as provided by the Code." Iowa Administrative Code rule 571-94.9 provides, "A transportation tag . . . shall be

---

[1] A cape is the "pelt from the head and neck of an animal, for preparation as a hunting trophy." https://www.lexico.com/en/definition/cape (last visited May 13, 2020); "A deer cape is nothing more than a deer hide from the nose of the deer to just behind the front shoulders in length." https://cliffordstaxidermy.com/taxidermy-blog/deer-cape/ (last visited May 13, 2020). The cape is saved for a taxidermy mount.

[2] Dees, a Florida resident, owns property in Monroe County. Dees obtained a nonresident deer license to hunt antlerless deer on his own property. To legally hunt antlered deer, Dees paid an Iowa resident to obtain a license to hunt antlered deer, remain on his property while Dees hunted, and tag any deer Dees killed. The arrangement, as planned, did not violate "party hunting" rules. *See* Iowa Admin. Code r. 571-106.9. An Iowa Department of Natural Resources (DNR) officer acknowledged that if the Iowa resident was present with Dees, Dees could shoot an antlered deer as long as the resident tagged it with the resident's antlered deer tag. But the Iowa resident was not present when Dees shot at a deer or when Dees located the deer the next day. Instead, the resident arrived to tag the deer forty-five minutes after Dees located it. The Iowa resident was cited with a violation of Iowa Code section 481A.38 (2017) – unlawfully providing deer tag for illegal deer. He pled guilty to the charge.

attached to the carcass of the deer within 15 minutes of the time the deer carcass is located after being taken, . . ."[3]  A magistrate judge found Dees not guilty of the unlawful-taking charge but guilty of the failure-to-timely-tag charge.  On appeal, the district court affirmed the conviction.

After Dees was acquitted of the unlawful-taking charge, he moved for the return of the cape and antlers.  A magistrate judge concluded:

> After trial [Dees] was found not guilty of illegal taking of the deer.  It is therefore the conclusion of the court that the title to the antlers and cape would not belong to the state under Section 481A.3[4] as there was not violation for taking.  [Dees] would therefore be entitled to the antlers and cape based on the not guilty finding in the illegal taking charge.

In noting Dees had been found guilty of the failure-to-timely-tag charge, the magistrate judge found:

> The facts associated with that charge showed that [Dees] shot at the deer while party hunting.  [Dees] did not locate the deer on the evening he shot at the deer.  [Dees] located the deer the next morning, backed away and did not take possession of the deer and move the deer until the other member of the party arrived to tag the deer.  The deer was not tagged within 15 minutes of locating the deer, but [Dees] did not take possession of the deer until it was tagged.

The magistrate judge determined that Dees "did not catch, take, kill, or have possession of the deer with regard to the violation for failing to tag the deer within

---

[3] Dees was not charged under Iowa Code section 483A.8(2)(a) that provides "When a deer is taken, the deer shall be tagged and the tag shall be dated.  The tag shall be attached to the carcass of a deer taken within fifteen minutes of the time the deer carcass is located after being taken . . . ."

[4] Iowa Code section 481A.3 provides, "Any person catching, taking, killing, or having in possession any of such . . . game, in violation of the provisions of this chapter, shall be held to consent that the title to the same shall be and remain in the state . . . ."

15 minutes of location. Therefore, the DNR cannot claim consent to the State's possession under Section 481A.3." The magistrate judge ordered the State to return the cape and antlers to Dees.

On the State's certiorari petition, the district court determined the State was entitled to the confiscated property based on Dees's conviction for illegally tagging the deer. Because the court found the magistrate judge acted illegally, it entered a writ of certiorari and set aside the order to return the seized property. Iowa R. Civ. P. 1.1404 ("A district court judge may order the issuance of a writ to an inferior tribunal, board, or officer, or to a judicial magistrate."). Dees appeals.

We review certiorari proceedings for correction of errors at law. *See O'Malley v. Gundermann*, 618 N.W.2d 286, 290 (Iowa 2000). The district court's findings are binding on us if supported by substantial evidence. *See id.*

Iowa Code chapter 481A governs the conservation of wildlife. It declares that, with rare exception, the State owns all wildlife within its borders.[5] *See* Iowa Code § 481A.2, *Democko v. Iowa Dep't of Nat. Res.*, 840 N.W.2d 281, 293 (Iowa 2013). "[T]he purpose of vesting ownership in all of the state's wildlife in the state is 'for the conservation of resources of the state.'" *Democko*, 840 N.W.2d at 294 (citing Iowa Code § 483A.1). "Because the State has ownership of all the wild animals, including deer, in Iowa, it follows the State may properly regulate deer hunting. *See* [Iowa Code] § 483A.1 (providing a person may not hunt wild animals, including deer, without first obtaining a hunting license)." *Carter v. Iowa Dep't of*

---

[5] "At common law, title to game was in the king (with us now, in the sovereign people), and no one could hunt game, even on his own land, without a franchise from the sovereign." *State v. Gallop*, 35 S.E. 180, 181 (N.C. 1900) (citation omitted).

*Nat. Res.*, No. 18-0087, 2019 WL 479096, at *4 (Iowa Ct. App. Feb. 6, 2019). Any person who violates the provisions of chapter 481A in catching, taking, killing, or possessing wildlife "shall be held to consent that the title to the same shall be and remain in the state for the purpose of regulating and controlling the catching, taking, or having in possession the same, and disposing thereof after such catching, taking, or killing." Iowa Code § 481A.3. To that end, the State "shall seize with or without warrant and take possession" of an animal that has been caught, taken, or killed "in a manner," "or had in possession or under control . . . contrary to the Code." *Id.* § 481A.12.

"The state shall not confiscate property seized under section 481A.12 . . . unless the person from whom the property was seized is convicted of the violation for which the property was seized." *Id.* § 481A.13A(1). "If the person from whom the property was seized is not convicted of the violation for which the property was seized" the State shall return the property to the person from whom it was seized. *Id.* § 481A.13A(2). Dees asserts the State seized the cape and antlers pursuant only to the unlawful taking charge, not the untimely-tagging charge. He argues that since he was not found guilty of the unlawful taking charge, he was not convicted on "the violation for which the property was seized." So he maintains the State is obligated under section 481A.13A to return to him the confiscated property. In support of his argument, Dees notes that the State requested liquidated damages under Iowa Code section 481A.130 as part of its unlawful-taking prosecution but not as part of its untimely-tagging prosecution. Besides the penalties provided for violating chapter 481A, the State may seek civil damages. "[A] person convicted of unlawfully selling, taking, catching, killing, injuring,

destroying, or having in possession any animal, shall reimburse the state for the value of such . . . ." Iowa Code § 481A.130(1). This remedy is a separate remedy from the seizure provision of section 481A.12. We fail to see how the State's pursuit of civil damages "coupled with the nature of the unlawful taking charge shows that the State seized the antlers and cape pursuant to [the unlawful-taking] charge only." We therefore reject Dees's argument on this point.

Dees also claims that the State could not seize the property under section 481A.12 based on his failure to tag the deer within fifteen minutes because that violation falls under chapter 483A, not chapter 481A. But section 481A.12 states that the State may take possession of an animal taken or handled a manner contrary to the Iowa Code; it does not limit seizures to violations of chapter 481A. Even if it did, the State cited Dees for violating section 481A.38, which prohibits the taking or killing of animals in violation of the DNR's administrative rules. Although the section cited by Dees, Iowa Code section 483A.8, includes tagging requirements for deer hunting, the DNR has administrative rules that further detail the tagging requirements. *See* Iowa Admin. Code r. 571-94.9 (addressing tagging). The magistrate judge found Dees guilty of violating the fifteen-minute-tagging rule. The failure-to-timely-tag charge supports the State's confiscation of the deer cape and antlers. The State does not have to return the property to Dees under section 481A.13A(2).

For all the above reasons, the grant of the writ of certiorari was proper. So we affirm.

**AFFIRMED.**