**IN THE COURT OF APPEALS OF IOWA**

No. 20-0850
Filed December 15, 2021

**MICHAEL ROACH,**
    Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
    Respondent-Appellee.
_____

Appeal from the Iowa District Court for Polk County, William P. Kelly, Judge.

Applicant appeals from the grant of the State's motion to dismiss and the subsequent dismissal of his application for postconviction relief. **AFFIRMED.**

Jack Bjornstad of Jack Bjornstad Law Office, Spirit Lake, for appellant.

Thomas J. Miller, Attorney General, and Darrel Mullins, Assistant Attorney General, for appellee State.

Considered by Bower, C.J., and Greer and Badding, JJ.

**GREER, Judge.**

Michael Roach appeals from the grant of a motion to dismiss his application for postconviction relief (PCR) following his 2004 conviction of second-degree murder. In Roach's most recent application for PCR, his fifth, he argues that the recent decision by our supreme court, *Schmidt v. State*, 909 N.W.2d 778 (Iowa 2018), has provided him a new avenue to raise a freestanding claim of actual innocence.[1] Roach states that the PCR court neglected to reevaluate evidence in the record under this new framework when granting the State's motion to dismiss. He also states that "stand your ground" was not his only potential claim of actual innocence, but that he was also raising a general self-defense claim.[2] Roach believes the court erred in focusing only on the potential for a so-called "stand your ground" defense. But, as Roach failed to raise an actual innocence theory outside of "stand your ground" to the PCR court, error is not preserved on the issue. Further, our court has already determined that "stand your ground" does not apply in this case. *See Roach v. State*, No. 18-0636, 2019 WL 1752666, at *2 (Iowa Ct. App. Apr. 17, 2019) (dismissing Roach's fourth PCR claim involving a "stand your ground" theory by noting the law is not retroactive, so the application was

---

[1] "[W]e carefully distinguish between the two forms of an actual-innocence claim: a gateway claim of actual innocence with an underlying constitutional challenge and a freestanding claim of actual innocence that is itself the substantive basis for relief." *Schmidt*, 909 N.W.2d at 791.

[2] *See* 2017 Iowa Acts ch. 69, §§ 37 (amending Iowa Code section 704.1 to add subsection (3), stating, "A person who is not engaged in illegal activity has no duty to retreat from any place where the person is lawfully present before using force as specified in this chapter"), 43 (creating section 704.13: "A person who is justified in using reasonable force against an aggressor in defense of oneself, another person, or property pursuant to section 704.4 is immune from criminal or civil liability for all damages incurred by the aggressor pursuant to the application of reasonable force").

untimely). The State moved to dismiss on the ground that the statute of limitations for PCR applications barred Roach's application. On this basis, we affirm the district court's dismissal of the fifth PCR claim.

**Background Facts and Proceedings.**

Following a 2003 shooting, Roach was convicted of second-degree murder and first-degree robbery. At his arrest, he admitted he shot the victim and claimed self-defense. He unsuccessfully appealed his guilty jury verdict in 2005, and procedendo issued in 2006. *State v. Roach*, No. 04-1444, 2005 WL 3477997 at *2, (Iowa Ct. App. Dec. 21, 2005) (arguing trial counsel provided ineffective assistance when counsel failed to raise prosecutorial misconduct). Counting the direct appeal and subsequent PCR applications, Roach raised the ineffectiveness of his various counsel five times. Two of the PCR applications relied on a pair of affidavits that claimed the victim "set [the crime] up" against Roach and that a witness had lied on the stand to get a plea deal herself.[3] These petitions were unsuccessful. His fourth application was filed after the three-year statute of limitations for PCR passed. Roach claimed there was an exception to the time requirement because this application relied on "a ground of fact or law that could not have been raised within the applicable time period." *See* Iowa Code § 822.3

---

[3] In his appellate brief, Roach summarized the helpfulness of the affidavits:
> (1) Ellis and Smith had a plan to rob Roach by violence, concocted in advance, (2) Smith had Roach over and had sex with him, (3) Ellis brought Roach to his home to sell Roach marijuana, (4) Ellis threatened Roach with violence, (5) Ellis attempted to rob Roach by violence, (6) Ellis reached under the bed for what Roach believed was a gun, (7) Roach had an honest and sincere belief that Ellis was reaching for a gun to do violence to Roach as part of an ongoing robbery, and (8) Smith lied in court about the plan to rob Roach in order to secure a plea offer for herself.

(2019) ("All other applications must be filed within three years from the date the conviction or decision is final or, in the event of an appeal, from the date the writ of procedendo is issued."). Roach pointed to Iowa's 2017 "stand your ground" law, arguing that the law provided a new ground of law if it applied retroactively to his case. *Roach*, 2019 WL 1752666, at *1. Our court ruled the law was not to be used retroactively; so, no new ground of law could support the untimely PCR application. *See id.* at *1–2.

In 2020, Roach filed for PCR a fifth time following our supreme court's decision in *Schmidt v. State*, 909 N.W.2d 778, 798 (Iowa 2018), which he stated held that PCR applicants could argue a freestanding claim of actual innocence even though the filing of the PCR application was untimely. He contends this change in the law, coupled with the "stand your ground" defense, provided a new legal ground that was not available during the three-year period following procedendo after his direct appeal was not successful. Upon his filing, the State moved to dismiss because the application was not timely—as "stand your ground" was not retroactive, it could not trump the three-year statute of limitations requirement. Further, the issue had already been fully litigated in his previous PCR application. Under similar arguments, we have held that *Schmidt* does not overcome the PCR statute of limitations if the evidence alleged to support a claim of actual innocence was "available to the applicant or could have been discovered with due diligence within the limitations period." *Quinn v. State,* 954 N.W.2d 75, 77 (Iowa Ct. App. 2020).

Yet, at the hearing on the motion, Roach reasserted that while he did plan to raise an actual innocence argument, it would rely solely on "stand your ground"

immunity.[4] Roach did not mention, nor did the current PCR court consider, the two affidavits entered in previous PCR proceedings. The PCR court, recognizing that Roach's claim was based on a law that could not apply to him, stated, "Mr. Roach is not entitled to relief in this application. No matter how he wants to nuance his approach for a new trial, he needs the "stand your ground" amendment to apply retroactively." As his fourth PCR already made clear this approach could not work, the PCR court here granted the motion to dismiss. Now Roach contends the affidavits supporting his innocence should be examined under this new actual innocence context. Roach appeals the dismissal of his PCR application.

**Standard of Review.**

Our review of a motion to dismiss is for correction of errors at law. *Thongvanh v. State*, 938 N.W.2d 2, 8 (Iowa 2020).

**Preservation of Error.**

The parties disagree whether error was preserved. In his appellate brief, Roach argues that his actual innocence claim was not based solely on "stand your ground," but also on the broader self-defense ground. Further, he asserts the PCR court erred when it did not consider the affidavits, which were incorporated into the record, maintaining "[he] cannot be faulted for the postconviction court failing to consider the affidavits." *See* Iowa Code § 822.6A ("The underlying trial court record containing the conviction for which an applicant seeks postconviction relief,

---

[4] At the hearing on the motion, the court asked Roach's counsel, "Is [Roach's] actual innocence claim based solely on the 'stand your ground'?" Counsel responded, "Yes, Judge." Roach went on to clarify that he also wanted to make an argument based on *Rhodes v. State*, 848 N.W.2d 22 (Iowa 2014). This issue, however, was not raised in his appellate briefs, so we do not address it here.

as well as the court file containing any previous application filed by the applicant relating to the same conviction, shall automatically become part of the record in a claim for postconviction relief under this chapter."). Still, he holds firm that error was preserved and is fit for our review now.

Typically, error is preserved only when the issue is both raised to the district court and ruled upon. *Meier v. Senecaut*, 641 N.W.2d 532, 537 (Iowa 2002). When the district court fails to rule on an issue raised, it is the litigant's responsibility to ask for such a ruling. *Stammeyer v. Div. of Narcotics Enf't*, 721 N.W.2d 541, 548 (Iowa 2006) ("If the court does not rule on an issue and neither party files a motion requesting the district court to do so, there is nothing before us to review."); *see also* Thomas Mayes & Anuradha Vaitheswaran, *Error Preservation in Civil Appeals in Iowa: Perspectives on Present Practice*, 55 Drake L. Rev. 39, 69 (2006) ("If a litigant seeks reversal based on an issue not addressed by the district court, he or she has an obligation to seek a ruling on that issue. . . . A written motion under rule 1.904 is one way to do so; however, any act requesting a district court's ruling should be sufficient."). Although these affidavits were before the district court in 2008 and 2011, Roach did not raise the issue of the affidavits in his written or oral arguments to the current PCR court or receive a ruling on the issue.[5] Further, at the hearing, Roach reaffirmed that his claim was based solely

---

[5] Notably, in the second 2008 PCR action, Roach raised the issue of the affidavits as newly discovered evidence and actually entered them as exhibits. *Roach v. State*, No. 09-1555, 2011 WL 944429, at *3 (Iowa Ct. App. Mar. 21, 2011) ("The district court ruled that the content of the affidavits provided impeachment evidence, some of which contradicted Roach's testimony at trial, and otherwise were not material, and would not warrant a new trial."); *see also Roach v. State*, No. 12-0501, 2013 WL 2371245, at *2 (Iowa Ct. App. May 30, 2013) (dismissing

on "stand your ground"; and, this sentiment is reflected in the district court's ruling which did not address the broader self-defense ground. Therefore, he is limited to the error preserved for our review: "stand your ground."

**"Stand Your Ground."**

As the PCR court noted, the "stand your ground" defense was the subject of Roach's fourth PCR application. What was true then is true now—"stand your ground" is not retroactive and cannot apply to Roach's case, so it provides no new legal ground for him to tread. *See Roach*, 2019 WL 1752666, at *1–2 ("Our court has been asked by other defendants to determine whether section 704.13 is to be applied retroactively, and we have ruled that it is not. . . . Because the 'stand your ground' law is not retroactive, the new law does not fall within the exception to the statute of limitations for PCR applications."). It cannot here serve to prove his actual innocence. Likewise, the facts Roach raises to support this theory are those raised in earlier proceedings involving his other PCR applications, so they are not new grounds of fact that could not be raised within the statute of limitations. *See Schmidt*, 909 N.W.2d at 798 ("[T]o avoid the three-year statute of limitations contained in section 822.3, an applicant must show he or she could not have raised the grounds of fact within the applicable time period.") As such, the district court did not err in finding his fifth PCR action was time-barred.

---

third PCR application after concluding PCR counsel was not ineffective for failing to compel the testimony and attendance at the hearing of the two affiants).

**Conclusion.**

Because Roach is only trying to retread old ground, and the fifth PCR application is untimely, we affirm the district court's dismissal of Roach's application.

**AFFIRMED.**