**IN THE COURT OF APPEALS OF IOWA**

No. 18-0803
Filed March 4, 2020

**DWAYNE WILLIAMS,**
     Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
     Respondent-Appellee.
_____

     Appeal from the Iowa District Court for Black Hawk County, George L. Stigler, Judge.


     Dwayne Williams appeals the summary disposition of his application for postconviction relief.  **AFFIRMED.**


     John J. Sullivan of Sullivan Law Office, P.C., Oelwein, for appellant.

     Thomas J. Miller, Attorney General, and Bridget A. Chambers, Assistant Attorney General, for appellee State.


     Considered by Vaitheswaran, P.J., Mullins, J., and Potterfield, S.J.*

     *Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2020).

**MULLINS, Judge.**

Dwayne Williams was convicted of first-degree robbery in 2010. This court affirmed his conviction the following year. *See generally State v. Williams*, No. 10-1254, 2011 WL 5394366 (Iowa Ct. App. Nov. 9, 2011). Procedendo issued in February 2012. Williams filed the instant postconviction-relief application, his third, in February 2018. He argued he was denied equal protection and due process in relation to the selection of juries and a fair trial and forwarded a claim of actual innocence. He referenced our supreme court's ruling in *State v. Plain*, 898 N.W.2d 801 (2017), and argued he "could not establish a racially under represented jury" until the ruling was filed. The State moved for summary disposition on statute-of-limitations grounds. An unreported hearing was held in April. Thereafter, Williams filed a pro se brief amending his innocence claim to a "freestanding claim of innocence," citing *Schmidt v. State*, 909 N.W.2d 778 (Iowa 2018), which had been decided in March. His counsel also filed a brief, arguing *Plain* should be applied retroactively. The district court entered an order granting the State's motion for summary disposition. The court only considered whether *Plain* should be applied retroactively and answered that question in the negative. The court did not address the remaining arguments.

Williams now appeals. He argues (1) the existence of genuine issues of material fact should have precluded summary disposition, (2) the court improperly ruled on the merits of his application without giving him notice of its intent to do so, (3) the court erred in dismissing his claim of actual innocence, (4) the court erred in concluding *Plain* should not be applied retroactively, and (5) postconviction counsel was ineffective.

As to the first claim, Williams generally argues "there is no record evidence" the State established his claims were time barred, that it "presented the nonexistence of a material fact as to any of [his] claims," and "that the parties were given the opportunity to fully and fairly develop the record." However, because the hearing went unreported, neither is there any record evidence that these matters were not satisfied.[1] Unfortunately, given the status of the record made below, we find ourselves quite limited. "It is the appellant's duty to provide a record on appeal affirmatively disclosing the alleged error relied upon" and we "may not speculate as to what took place or predicate error on such speculation." *In re F.W.S.*, 698 N.W.2d 134, 135 (Iowa 2005). Without a transcript of the summary disposition hearing, we have no idea what occurred. While Williams argues "there was no argument or evidence presented by the [S]tate to controvert [his] assertions," we have no way of knowing that. We will not predicate error on our speculation of what might have happened.

Next, Williams argues the court improperly ruled on the merits of his application without giving him notice of its intent to do so. He cites *State v. Manning*, where our supreme court held the district court erred in summarily disposing of an application for postconviction relief without holding an evidentiary hearing. 654 N.W.2d 555, 557 (Iowa 2002). *Manning* is distinguishable. There, the district court did not take evidence on claims of ineffective assistance of counsel and vindictive actions on the part of the prosecution, but instead adjudicated the claims from a review of the court file only. *Id.* at 558. The State

---

[1] Likewise, there is no statement of the evidence or proceedings. *See* Iowa R. App. P. 6.806.

had previously moved for summary disposition on the grounds that (1) the applicant did not include his claims in his resistance to his appellate counsel's motion to dismiss his direct appeal as frivolous; (2) he did not provide sufficient reasons for failing to do so; and (3) because the applicant had pled guilty, he waived all claims of ineffective assistance except those bearing on the voluntary and knowing nature of his plea. *Id.* at 561. The supreme court generally found none of those grounds supported dismissal under the circumstances of the case. *See id.* While the district court agreed with the State on its allegations for dismissal, it went on to rule on the merits of two of the ineffective-assistance claims. *Id.* at 560. Because the State did not include arguments relative to those claims in its motion to dismiss, the supreme court concluded the applicant was not on notice that he would need to present proof on any issue outside of the State's motion and he was entitled to an evidentiary hearing before the court could rule on those claims. *Id.* at 561. The court repeated evidentiary hearings are normally required for claims of ineffective assistance of counsel. *Id.* at 562.

Williams's circumstances are different. The State moved for summary disposition on statute-of-limitations and res-judicata grounds. As to the sole claim the court considered and ruled upon, it agreed the statute of limitations barred the application. Having raised the statute of limitations in its motion for summary disposition, Williams was certainly on notice he would need to present evidence and argument that his claims were based on "a ground of fact or law that could not have been raised within the applicable time period," *see* Iowa Code § 822.3 (2018), and, for all we know, he might have. Williams goes on to argue the court's ruling on *Plain* retroactivity was an impermissible ruling on the merits. Different from

*Manning*, the court did not rule on Williams's substantive claims, it only ruled on whether *Plain* is entitled retroactive treatment and therefore served as an exception to the time bar. We reject Williams's claim he was not on notice of what the hearing would entail.

Third, Williams argues the court erred in dismissing his freestanding claim of actual innocence under *Schmidt*. The court did not rule on his claim of actual innocence, and there is nothing in the record indicating the court considered the argument. The argument was therefore not preserved for our review. *See Meier v. Senecaut*, 641 N.W.2d 532, 537 (Iowa 2002); *see also Stammeyer v. Div. of Narcotics Enforcement*, 721 N.W.2d 541, 548 (Iowa 2006) (finding an argument not preserved for appeal when there was "nothing indicating the court ruled upon or even considered [it]"). The proper procedure to preserve error was to file a motion raising the court's failure to decide the issue prior to appealing. *See Lamasters v. State*, 821 N.W.2d 856, 863 (Iowa 2012).

Next, Williams argues the court erred in concluding *Plain* is not entitled to retroactive treatment. He is partially correct. While "*Plain* claims are not barred by section 822.3's three-year statute of limitations," the exception does not "apply retroactively to convictions that were already final at the time [the supreme court] decided *Plain*," such as Williams's. *Thongvanh v. State*, 938 N.W.2d 2, 10, 16 (Iowa 2020). We affirm the district court on this point.

Lastly, Williams argues postconviction-relief counsel was ineffective for failing to raise and address all of Williams's claims in a resistance to the State's motion for summary disposition, respond to the motion, prepare for the hearing on the motion, and develop and preserve a record on the motion. In order to grant

him relief, the record must show, by a preponderance of the evidence, that (1) counsel failed to perform an essential duty and (2) prejudice resulted. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *State v. Lopez*, 907 N.W.2d 112, 116 (Iowa 2018). Absence of either will preclude relief. *State v. McNeal*, 897 N.W.2d 697, 703 (Iowa 2017). Without a record of the hearing on the motion, we are unable to assess whether counsel was prepared for the hearing and competently and diligently pursued Williams's arguments. Thus, we are unable to assess whether there is any reasonable probability the result of the proceeding would have been any different had counsel taken the measures Williams urges he should have taken. *See Strickland*, 466 U.S. at 694; *cf. Alexander v. State*, No. 17-0390, 2020 WL 820329, at *2 (Iowa Ct. App. Feb. 19, 2010).

We affirm the denial of Williams's application for postconviction relief.

**AFFIRMED.**