**Donna M. STEELE, Plaintiff-Appellant,**

v.

**STATE of Iowa—DEPARTMENT OF CORRECTIONS, MEDIUM SECURITY UNIT AT MOUNT PLEASANT, Defendant-Appellee.**

No. 89–1328.

Court of Appeals of Iowa.

Aug. 30, 1990.

Steven J. Crowley of Ruther, Bauer, Schulte, Hahn, Swanson & Crowley, Burlington, for plaintiff-appellant.

Thomas J. Miller, Atty. Gen., Gordon E. Allen, Deputy Atty. Gen., and Layne M. Lindebak, Asst. Atty. Gen., for defendant-appellee.

Considered by OXBERGER, C.J., and SACKETT and HABHAB, JJ.

SACKETT, Judge.

Plaintiff Donna M. Steele appeals an order granting summary judgment in favor of the defendant. We reverse and remand for a new proceeding on the merits.

Plaintiff was employed at the Medium Security Unit in Mt. Pleasant, Iowa, as a correctional officer. She was discharged for allegedly having a personal relationship with an inmate of the institution. Plaintiff denied any such improper relationship. Plaintiff appealed her dismissal through her union using the grievance procedure established in the collective bargaining agreement. Plaintiff followed this procedure until the case came to binding arbitration.

Before arbitration was commenced Plaintiff withdrew her grievance and initiated the present suit in district court. The State filed a motion for summary judgment. The court found that there was clearly an administrative grievance procedure available to plaintiff. The court also found that arbitration was an integral part of the grievance procedure. The court concluded that plaintiff failed to exhaust known and available administrative remedies as provided for in the collective bargaining agreement. The court dismissed her suit for lack of jurisdiction to hear the appeal.

Plaintiff appeals. She contends that the court erred in granting the motion for summary judgment. Plaintiff claims that under Iowa Code chapter 20 a collective bargaining agreement may not require binding arbitration. She states that "grievance procedures" and "arbitration" are separate and distinct terms. Furthermore, under section 20.18, in the case of an employee grievance, arbitration may be invoked only with the approval of the public employee.

Plaintiff also argues that the collective bargaining agreement could not require binding arbitration since this would violate section 20.18. She believes that under the terms of the agreement an employee must pursue a grievance through the first three steps, which should collectively be considered the "grievance procedures". The employee would then have the option to go to the fourth step, arbitration, or to proceed to district court.

Iowa Code section 20.17(5) allows an employee to enforce the terms of a collective bargaining agreement in a civil action in the district court. Iowa Code section 20.18 sets out certain procedures which must be followed before a civil action is allowed. The question before us is whether the employee can be required to submit to binding arbitration as one of the procedures which must be exhausted before proceeding to district court.

Iowa Code section 20.18 states as follows:

> An agreement with an employee organization which is the exclusive representative of public employees in an appropriate unit may provide procedures for the consideration of public employee grievances and of disputes over the interpretation and application of agreements. Negotiated procedures may provide for binding arbitration of public employee grievances and of disputes over the interpretation and application of existing agreements. An arbitrator's decision on a grievance may not change or amend the terms, conditions or applications of the collective bargaining agreement. *Such procedures shall provide for the invoking of arbitration only with the approval of the employee organization, and in the case of an employee grievance, only with the approval of the public employee.* (emphasis added).

We recognize the principle that if the language of a statute is plain, unambiguous, and consistent with related statutory provisions, no duty of interpretation arises and there is no occasion to probe legislative intent. *State v. Baker*, 293 N.W.2d 568, 572 (Iowa 1980). Section 20.18 is not ambiguous. This is an employee grievance and the statute clearly states that arbitration shall not be included as one of the grievance procedures without the approval of the employee. The plaintiff quite obviously did not approve the use of arbitration and proceeded under her civil remedy. We hold that the plaintiff did satisfy all necessary grievance procedures thereby giving the district court jurisdiction to hear her appeal. We reverse the order granting summary judgment and remand for a new proceeding on the merits.

REVERSED AND REMANDED.