# IN THE COURT OF APPEALS OF IOWA

No. 19-0652
Filed April 1, 2020

**TROY KLEPPE,**
    Plaintiff-Appellant,

**vs.**

**FORT DODGE POLICE DEPARTMENT and CITY OF FORT DODGE, IOWA,**
    Defendants-Appellees.
_____

Appeal from the Iowa District Court for Webster County, Adria Kester, Judge.

A former police officer appeals the judicial review of his claim for unpaid wages. **AFFIRMED.**

Judd Parker and Blake Parker of Parker Law Office PLLC, Adel, for appellant.

Ryan A. Kehm and Mark R. Crimmins of Crimmins & Kehm Law Firm, Fort Dodge, for appellee.

Heard by Tabor, P.J., and Mullins and Schumacher, JJ.

**TABOR, Presiding Judge.**

Former police officer Troy Kleppe appeals the grant of summary judgment to the Fort Dodge Police Department and the city of Fort Dodge (collectively, the "City") on a wage claim under Iowa Code chapter 91A (2018). Kleppe claims the City owes him overtime pay for work as a police canine handler and trainer. The district court found Kleppe failed to exhaust the administrative remedies under the public employees' collective bargaining agreement (CBA).

After reviewing the record and arguments, we find no error in the district court's determination that no issues of material fact exist and the City was entitled to judgment as a matter of law. Because Kleppe had to exhaust the administrative procedures offered in the CBA and failed to do so, we affirm.

## I.    Facts and Prior Proceedings

Kleppe worked for the Fort Dodge Police Department. As a member of the union, his employment was covered by the CBA between the City and the Public Professional and Maintenance Employees Local Union. In July 2016, he became a canine handler for the police department. He held that position until February 2018 when his employment ended. Kleppe received his last paycheck on February 9, 2018.

On March 13, Kleppe discussed his wages with his union representative. Then, on March 23, that representative filed a grievance claiming the City failed to pay Kleppe overtime wages for time he spent training the police dog. That same day, the City responded—denying the grievance as untimely. The City also directed Kleppe's attention to the CBA provision permitting canine handlers twelve hours of flex time per month for the care and training of the dog. Kleppe did not

appeal the denial of his grievance to the mayor's designee, as described in the CBA.

Instead, following the City's denial, Kleppe sued in the district court for unpaid wages under Iowa Code chapter 91A. Although he had never before demanded overtime wages, Kleppe claimed he worked unpaid vacation hours for the police department.[1] According to Kleppe, he spent significant time on his days off training the dog to meet both state and national certification requirements, and those efforts exceeded the twelve flex hours the CBA granted canine handlers.

After its initial answer, the City filed an amendment raising the affirmative defense of failure to exhaust grievance procedures in the CBA. The City then moved for summary judgment. According to the City's motion, Kleppe first mentioned unpaid hours in his grievance filed on March 23, more than a month after the termination of his employment. The City rested its motion on procedural grounds.[2] Because Kleppe's grievance was untimely and he did not follow the

---

[1] Kleppe estimated that since July 2016, he worked an extra 178 hours of overtime. He alleged the City owed him $7512.

[2] In its original response to the grievance, the City also offered a substantive explanation for denying Kleppe's claim:

> In reference to Article 6, Section 11, Troy received 12 hours flex time each month he was assigned the duties of Canine Handler. This flex time was provided for all time spent with the dog, which includes the daily care, upkeep, and all training of the dog for official certification. No additional compensation is due for any time spent with the dog on his days off. All Canine Handlers are treated in the same manner and only earn 12 hours flex time per month for the daily care, upkeep, and all training of the dog. The City believes Troy was fully compensated for his Canine Handler duties, in accordance with the collective bargaining agreement, and he was paid in full for all other documented time recorded on his timesheets.

CBA's grievance procedure, the City argued he did not exhaust administrative remedies and could not go to district court.

The district court granted summary judgment. In its ruling, the court "adopt[ed] the background facts and proceedings as set forth in [the City's] Brief and Memorandum of Authorities in Support of Motion for Summary Judgment; including the Statement of Undisputed Facts and Reply Brief." The court also adopted the City's "legal analysis in its filing and pleadings."

Most significantly, the court found Kleppe had to follow the grievance procedure in the CBA. And he failed to do so.

> Kleppe did not exhaust his grievance remedy under the CBA. He did not appeal the denial. Kleppe failed to exhaust his contractual remedies as required in the CBA. He therefore could not bring a separate contractual action based on a [chapter] 91A claim against [the City]. The Court FINDS that the law requires summary disposition of this matter in favor of [the City].

Kleppe appeals.

## II.    Scope of Review

When a party challenges summary judgment, we review for correction of legal error. *Albaugh v. The Reserve*, 930 N.W.2d 676, 682 (Iowa 2019).

## III.    Discussion

We begin with the well-known standards for summary judgment. A court may grant summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law." Iowa R. Civ. P. 1.981(3). A "genuine issue of material fact" exists if "the evidence is such that a reasonable jury could

return a verdict for the nonmoving party." *Fees v. Mut. Fire & Auto. Ins. Co.*, 490 N.W.2d 55, 57 (Iowa 1992). We view the evidence in the light most favorable to Kleppe as the nonmoving party. *Geisler v. City Council of Cedar Falls*, 769 N.W.2d 162, 165 (Iowa 2009).

### A. No Material Facts in Issue

Kleppe contends the district court improperly made findings of contested fact in its summary judgment ruling. In particular, he asserts the court's threshold conclusion that his claim arises from the CBA was itself a finding of fact.

Two passages from the CBA are relevant. The first describes the "flex time" available for police canine handlers. Article 6, Section 11 of the CBA says, "The Canine Handler shall receive twelve hours flex time per month for the daily care, upkeep, and training of the dog."

The second relevant part, Article 16, describes the grievance procedure:

> **Section 1.** The term *Grievance* shall mean a dispute between the parties as it relates to the terms of this agreement. A Grievance shall be handled in the following manner.
> (a) The grievance must be brought to the attention of the Chief within five (5) days of its alleged occurrence …
> (b) The Chief or the individual in command in the absence of the Chief . . . shall have five (5) days in which to answer the grievance.
> (c) The aggrieved Party may appeal the decision in Step (b) to the Mayor's designee for the City. This must be done in writing within five (5) days after the Chief has given his response.
> (d) The Mayor's designee will have seven (7) days in which to answer the grievance.
> (e) If the grievance has not been resolved after Step (d), the Union may within five (5) days request binding arbitration as prescribed in the Iowa Public Employment Relations Act. Arbitration costs shall be shared equally by the parties.
> The City and the Union, by mutual agreement, may request mediation to help bring resolution to the grievance . . . . If the parties cannot agree upon a mediator, they shall request that PERB [Public Employment Relations Board] appoint a mediator. . . .

(f) The Time limits specified in the grievance procedure shall exclude Saturdays and Sundays and observed holidays . . . .
(g) . . . .
The time limits hereinabove are to be strictly construed and each party will make every effort to settle the grievance equitably at each step.

Kleppe first communicated his complaint about unpaid wages to his union representative, Mark Hubbard, on March 13, 2018. Hubbard wrote to the City's human resources director, Jamie Anderson: "I was contacted by Troy Kleppe about filing a grievance with the department in reference to uncompensated training time for the canine" as well as another pay issue. Hubbard said,

Based on his accusations he wants to file a grievance on the following violation of the contract.
. . . .
Article 6 section 11: Not receiving full compensation for training of the canine on his days off that were in excess of the 12 hours allotted of flex time for training of the canine for certification of the canine. Troy states that he spent several hours of his time on his days off training the canine for official certification.

In addition, in his petition at law, Kleppe acknowledged the CBA governed his employment. He then alleged the City "violated the Iowa Wage Payment Collection Act by willfully and intentionally failing to pay Plaintiff his wages when due."

In an about face, Kleppe now insists his claim did not arise under the CBA but from a free-standing right outside the agreement. He acknowledges the CBA's clause allowing canine handlers twelve hours of flex time, but he asserts his claim goes beyond the CBA because it deals with a wage claim for time spent training the dog beyond those guaranteed twelve hours.

Even with those mental gymnastics, Kleppe cannot escape the fact the CBA delineated the wages owed police employees, including canine handlers, as well

as the available overtime for other types of officers. It established how officers are paid overtime and required the employer to maintain overtime records for each employee. Because Kleppe's claim for unpaid wages deals directly with a subject the CBA repeatedly addresses, the district court properly concluded Kleppe's claims arose under the CBA. To calculate how much Kleppe is owed, or to analyze whether Kleppe's overtime work was proper and required payment, the court had to address the CBA's provisions. We reject Kleppe's argument that the court's conclusion amounted to improper fact finding. *See generally UE Local 893/IUP v. State*, 928 N.W.2d 51, 61 (Iowa 2019) (explaining legislature conferred subject matter jurisdiction on courts to enforce CBAs under Iowa Code section 20.17(5)).

Because Kleppe identifies no other disputed details, we find no error in the district court's conclusion that no genuine issues of material fact existed.

### B. Requirement to Exhaust Administrative Remedies

The crux of this appeal is whether Kleppe had to exhaust his administrative remedies before bringing his wage claim in the district court.

To start, the City's exhaustion argument springs from Iowa Code chapter 20, which governs the grievance process for public employees under CBAs. Section 20.17(5) allows an employee to enforce the CBA's terms in a civil action. *Steele v. State of Iowa Dep't of Corr.*, 462 N.W.2d 299, 300 (Iowa Ct. App. 1990). But section 20.18 sets out procedures the employee must follow before that civil action is allowed. *Id.* The City contends Kleppe cannot prevail because he ignored the mandates of chapter 20.

At the same time, as Kleppe notes, the legislature has provided a civil cause of action for unpaid wages in Iowa Code chapter 91A. Kleppe emphasizes that

"chapter 91A is a remedial statute." *See Hornby v. State*, 559 N.W.2d 23, 26 (Iowa 1997). Thus, it is "to be liberally construed" to "facilitate the public policy of allowing employees to collect wages owed to them by their employers." *Id.*

The Iowa Wage Payment Collection Act allows claims under these circumstances:

> When it has been shown that an employer has intentionally failed to pay an employee wages or reimburse expenses pursuant to section 91A.3, whether as the result of a wage dispute or otherwise, the employer shall be liable to the employee for any wages or expenses that are so intentionally failed to be paid or reimbursed, plus liquidated damages, court costs and any attorney's fees incurred in recovering the unpaid wages and determined to have been usual and necessary. In other instances the employer shall be liable only for unpaid wages or expenses, court costs and usual and necessary attorney's fees incurred in recovering the unpaid wages or expenses.

Iowa Code § 91A.8. Kleppe contends his claim relies solely on chapter 91A.

To mediate between these two positions, we look to three cases: *Hartunian v. Kirkwood Community College*, No. 12-0440, 2012 WL 6193870, at *1 (Iowa Ct. App. Dec. 12, 2012); *Harrison v. State*, No. 08-0384, 2008 WL 5412265, at *1 (Iowa Ct. App. Dec. 31, 2008); and *Steele*, 462 N.W.2d at 299.[3] The City finds support in these cases discussing chapter 20, while Kleppe argues they are distinguishable from the facts in his case.

In *Hartunian*, a college professor covered under a CBA alleged she was unfairly excluded from consideration for a new faculty position. 2012 WL 6193870, at *1. She sought declaratory judgment and an injunction requiring the college to delay its hiring decision until it properly advertised the position. *Id.* at *2. The

---

[3] The district court ruling discusses only *Harrison*, 2008 WL 5412265, at *1, but because the ruling adopts the rationale provided by the City in its pleadings, we discuss the other cases on which the City relies.

district court granted summary judgment to the college. The court decided the dispute fell within the CBA and Hartunian did not follow the formal grievance procedures outlined there. *Id.* So she could not bring the matter before the district court. *Id.* Our court agreed, finding the claim was governed by the CBA. Therefore, Hartunian had to exhaust the grievance procedures. *Id.* at *4.

Kleppe echoes Hartunian's assertion—that his claim is outside the bounds of the CBA and brought as an independent cause of action. *Id.* at *2. He argues that, unlike Hartunian, we need not interpret the CBA to rule on this case because he is raising a statutory claim that doesn't involve contract interpretation. We reject that argument. Kleppe's wage claim is not enforceable without reference to the CBA, which sets out what he may receive as compensation from the City. We find our decision in *Hartunian* provides useful guidance here.

Similarly, in *Steele*, an employee followed all CBA grievance procedures up until binding arbitration. 462 N.W.2d at 299. Because she did not want to arbitrate, Steele withdrew her grievance and sued. *Id.* The district court determined she had not exhausted the administrative remedies required by the CBA. *Id.* Our court reversed noting, under section 20.18, "arbitration may be invoked only with the approval of the public employee." *Id.* at 300. Because the legislature did not intend to include arbitration as a necessary grievance procedure without an employee's approval, it was unnecessary to exhaust that step to file suit. *Id.* at 300. We reversed the summary judgment and remanded to reinstate the petition. *Id.* But in doing so, we reiterated section 20.18 sets out procedures that must be followed before going to court. *Id.* Kleppe did not reach the point of arbitration. Much earlier, he departed the administrative track. Kleppe did not file a timely grievance,

and he did not appeal the denial of his grievance as untimely. So while *Steele* has limited application to Kleppe's situation, what it does establish is an employee must exhaust every step in the CBA grievance procedure—up to arbitration—before resorting to district court.

Finally, we turn to the case most on point—*Harrison*, 2008 WL 5412265, at *1. Like Kleppe, Harrison asserted a claim for unpaid wages under chapter 91A (among other claims). Harrison timely filed a grievance and followed each step of the procedure until the CBA called for arbitration. *Id.* The union representing Harrison refused to arbitrate on his behalf. *Id.* Harrison filed a breach-of-contract claim alleging the State terminated his employment without just cause. *Id.* The district court granted the State's motion for summary judgment finding Harrison failed to exhaust administrative remedies. *Id.* at *2. Our court held "if a public employee is covered by a CBA and the CBA sets forth grievance procedures, the employee is required to follow said procedures." *Id.* at *3 (citing Iowa Code § 20.18). Because Harrison could not show he exhausted his contractual remedies (or that the union breached its duty of fair representation in refusing to arbitrate), he could not bring a separate contract claim. *Id.* at *3, *5.

Kleppe tries to distinguish *Harrison*. He notes Harrison elected to arbitrate rather than going to district court. Kleppe is correct—to an extent. Reading *Harrison* together with *Steele*, it is clear an employee cannot be forced into arbitration. *See* Iowa Code section 20.18(1); *Harrison*, 2008 WL 5412265, at *2; *Steele*, 462 N.W.2d at 300. But the provision requiring an employee to approve arbitration does not apply to the earlier steps in the CBA grievance procedure. Once Harrison chose arbitration, he had to see it through, but the rest of the

grievance procedure was mandatory. *Id.* Like the district court, we find *Harrison* particularly persuasive. Kleppe had to exhaust his administrative remedies under the CBA, even if he had a wage claim under chapter 91A.

Beyond *Steele*, *Hartunian*, and *Harrison*, the parties debate the import of another case interpreting chapter 20—*Stammeyer v. Division of Narcotics Enforcement*, 721 N.W.2d 541 (Iowa 2006). There, our supreme court found a state employee who tried to bypass administrative procedures and file a claim under chapter 35C, which mandates a veteran's preference in public hiring, could not sue in district court. *Stammeyer*, 721 N.W.2d at 548–49. The supreme court found the preference under chapter 35C applied to new hires and not transfers within an agency. *Id.* at 546. Accordingly, Stammeyer's only claim was under the CBA; he could not proceed in district court because he did not exhaust the grievance procedure. *Id.* at 547.

Kleppe argues his case differs from *Stammeyer* because chapter 91A is the only statutory way for employees to collect back wages and should supersede the grievance procedure in the CBA. *See id.* at 544 ("Chapter 20 places one important limitation on the scope of collective bargaining agreements. It ensures that Iowa statutes supersede terms in a collective bargaining agreement that are inconsistent with Iowa law."). But his argument stops short. It does not acknowledge his CBA with the City governs his wages and hours. As in *Stammeyer*, we find no inconsistency between the CBA and Iowa law that would allow Kleppe to bypass the grievance procedures. *See id.* at 546–47.

All in all, the relevant cases do not persuade us that a chapter 91A claim is exempt from the general prohibition on seeking resolution in district court before

exhausting administrative remedies provided in a CBA. Even construing the wage claim act liberally because of its remedial nature, we find no blanket exemption from the exhaustion requirement.

With that finding, we could end our review of the district court's ruling on exhaustion. Except, for the first time on appeal, Kleppe advances a separate framework for deciding whether he can go directly to district court. He now argues the court should have applied the two-factor test from *Riley v. Boxa*, 542 N.W.2d 519, 521 (Iowa 1996). Under that test, Kleppe need not exhaust administrative remedies if (1) no adequate administrative remedy exists for the claimed wrong, or (2) the governing statutes do not expressly or impliedly require exhaustion. *See Hawkeye Land Co. v. Franklin Cty. Wind LLC*, No. 12-1568, 2013 WL 2371355, at *4 (Iowa Ct. App. May 30, 2013) (quoting *Riley*, 542 N.W.2d at 521). An exception applies if exhaustion of the grievance procedure would have been fruitless. *Id.*

The City insists Kleppe cannot use this test on appeal because he did not urge that framing in the district court.[4] Not surprisingly, without the benefit of Kleppe's argument, the district court did not employ that test. It is true, typically issues must be raised and decided by the district court before we consider them on appeal. See *Meier v. Senecaut*, 641 N.W.2d 532, 537 (Iowa 2002). But Kleppe contends he preserved the issue because the district court addressed exhaustion in general. He contends presenting a new legal theory, rather than a new issue, on appeal does not violate rules of error preservation.

---

[4] Counsel for the City also asserted during oral argument that the *Riley* test applied in the context of judicial review from final agency action, *but not to the question of exhaustion of remedies under a CBA.* We assume without deciding the *Riley* test may apply to the exhaustion question in this appeal.

Ideally, Kleppe would have handed the district court the same yardstick to measure his claim as he now wields on appeal. But we agree with his contention that we can consider his legal briefing on appeal. *See Bartlett Grain Co., LP v. Sheeder*, 829 N.W.2d 18, 24 n.4 (Iowa 2013) (rejecting error preservation argument when party alerted district court to "essential claim").

On the first prong of the *Riley* test, Kleppe argues the CBA lacks an adequate remedy because chapter 91A presents broader avenues for relief. We reject that argument. The CBA governs what compensation Kleppe may receive for his work as a canine handler. The administrative procedures would have addressed Kleppe's wage claim, even if Kleppe did not like the outcome.[5] Kleppe also contends he could not seek court costs, attorney fees, and liquidated damages on the administrative route. But he would not incur those costs or fees while the union represented him and before filing in district court. "An administrative remedy is not inadequate simply because a party . . . may not receive everything he or she wants." *Riley*, 542 N.W.2d at 521.

On the second prong of the *Riley* test, Kleppe interprets chapter 91A as signaling no legislative intent to require exhaustion under the CBA. He points out section 91A.10(1) envisions a remedy through the department of labor. And section 91A.10(3) provides for the civil right of action. Kleppe suggests a worker may pursue both remedies concurrently.

---

[5] In its initial response to his untimely grievance, the City told the union representative that Kleppe had no right to compensation beyond the twelve monthly flex hours for the canine training.

But we must read chapter 91A along with chapter 20. That other governing statute *does* require exhaustion. *See* Iowa Code § 20.18(2) (mandating public employees follow grievance procedures provided in CBAs). We contrast these circumstances with *Walsh v. Wahlert*, 913 N.W.2d 517 (Iowa 2018). There, our supreme court found Iowa Code section 8A.415, which provided an administrative grievance procedure for department of administrative services employees, did not expressly require exhaustion of administrative remedies before filing a civil action under Iowa Code section 70A.28, the Iowa whistleblower statute. *Walsh*, 913 N.W.2d at 524–25. *Walsh* is different because the grievance procedure applied to all employees except those covered by a CBA that provided otherwise. *See* Iowa Code § 8A.415(1)(a). So section 20.18(2) did not apply to those employees.

In a final nod to *Riley*, Kleppe contends exhaustion of the grievance procedure would have been fruitless for him. Thus the exception applies. In his view, had he followed the CBA procedure, he would have appealed the City's initial denial, been denied again, declined arbitration, and then ended up in district court. We reject Kleppe's futility argument. We cannot presume the City would be biased or unprofessional in its handling of a worker's grievance. *See Sierra Club Iowa Chapter v. Iowa Dep't of Transp.*, 832 N.W.2d 636, 647–48 (Iowa 2013) (rejecting plaintiff's argument it would be futile to ask agency to reverse its own decision).

Following our survey of the statutory framework for public employee grievances and the relevant caselaw, we are persuaded Kleppe had an obligation

to pursue and exhaust all administrative remedies provided in the CBA before filing in the district court under chapter 91A.[6]

### C. Did Kleppe Exhaust Administrative Remedies?

Having decided the exhaustion requirement applies to Kleppe's wage claim, we must ask if he met that requirement. The CBA mandates that employees bring their grievances to the attention of the police chief within five days of its alleged occurrence.[7] The chief has five days to respond. Employees may appeal to the mayor in writing within five days. The mayor has seven days to answer. After that, the union may request binding arbitration within five days. The CBA provides the time limits "are to be strictly construed."

Kleppe missed the very first deadline. He received his last paycheck February 9. He spoke to Hubbard on March 13, and Hubbard submitted the grievance ten days later. Thus, Kleppe brought the grievance to his employer's attention more than one month after his final paycheck, far outside the five days prescribed. The City denied Kleppe's claim as untimely, though the City offered an explanation on the merits as well. Kleppe failed to appeal as the next step in

---

[6] As a final issue, Kleppe notes chapter 91A contains a two-year statute of limitations. *See* Iowa Code § 614.1(8). He also points out the federal Fair Labor Standards Act (FSLA) has a three-year statute of limitations if the employee can prove the employer willfully violated the statute. *See* 29 U.S.C. § 255(a). He argues chapter 91A's statute of limitations supersedes the five-day limitation in the CBA. We disagree. The statute of limitations for a civil filing is different from the filing of an employment grievance. And section 20.18(2) instructs public employees to follow CBA provisions. We read that section as compatible with chapter 91A and see no conflict with the limitations period for filing suit.

[7] Both parties appear to agree it was adequate for Kleppe to bring his claim first to the attention of his union representative rather than the chief of police. Similarly, the parties seem to agree the City's human resources director was the correct person to respond to the initial grievance.

the grievance procedure. As the district court decided, Kleppe's delay and inaction precluded his suit in district court. We find no error in the court's conclusion he failed to exhaust administrative remedies. Under these circumstances, the City was entitled to judgment as a matter of law. We affirm the grant of summary judgment.

**AFFIRMED.**